UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| James Johnson, | Case No. 2:22-CV-00055-CDS-VCF |
| Plaintiff, | |
| Vs. | **Order** |
| C.O. Howard, et al., | |
| Defendants. | |

Pro se plaintiff James Johnson filed motions for medical records, to summons officer, and for appointment of pro bono counsel. ECF Nos. 30, 36, and 37. I grant his motion for summons in part. ECF No. 36. I deny his motions for medical records and for appointment of counsel. ECF Nos. 30 and 37.

**I.     Background**

Plaintiff is incarcerated and brings claims for civil rights violations against the defendants. ECF No. 14. Plaintiff asks the Court to produce his medical records for evidence purposes in his motion for medical records. ECF No. 30. The only appearing defendant, Kellen Howard, responded that discovery had not opened yet and that he did not personally have access to plaintiff's medical files. ECF No. 32. The Attorney General filed a notice stating that it would not accept service for defendant Bernard Hampton. ECF No. 33. The AG filed Hampton's address under seal. ECF No. 34. Plaintiff argues in his motion for summons that he is unable to serve Officer Hampton. ECF No. 36. Defendant Howard filed a notice of non-opposition to plaintiff's motion to summons officer. ECF No. 36. Discovery is now open. ECF No. 41.

II.     Analysis

Pursuant to Local Rule 16-1(b), "in actions by or on behalf of inmates under 42 U.S.C. § 1983...no discovery plan is required," rather "a scheduling order [is] entered within thirty (30) days after the first defendant answers or otherwise appears." Fed. R. Civ. Pro 4(c)(3) allows plaintiffs who have been granted in forma pauperis status under 28 U.S.C. §1915 to request service be made by the United States Marshals Service.

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981). The court may appoint counsel under 28 U.S.C. § 1915 only under exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (citations and internal quotation marks omitted).

Plaintiff's motion for medical records, which he filed before discovery opened, asks the Court to order the defendants to give him evidence for his case. I liberally construe this as a motion to compel discovery. Plaintiff has not yet, however, attempted to take discovery. Now that discovery is open, plaintiff is free to take discovery to gather evidence for his case. Plaintiff must read and follow the Rules of Civil Procedure pertaining to taking discovery in this case. I deny plaintiff's motion for medical records. ECF No. 30. I liberally construe plaintiff's motion for summons as a motion to reissue summons. I grant the motion in part. The Court ordered plaintiff to perfect service of process on or before Sunday, November 20, 2022. ECF No. 29. I sua sponte extend the service deadline. I have reviewed the complaint and filings in this case. This case is not complex, and plaintiff has shown an ability to articulate his claims. There are no exceptional circumstances that warrant the appointment of

counsel.

ACCORDINGLY,

I ORDER that Johnson's motion for medical records (ECF No. 30) is DENIED.

I FURTHER ORDER that Johnson's motion for summons (ECF No. 36) is GRANTED in part.

The Clerk of Court is directed to reissue summons under seal on defendant Bernard Hampton at the address provided by the attorney general under seal at ECF No. 34 and deliver same to the U.S. Marshal for service. The clerk is directed to send a copy of the Complaint, Summons, and copy of this order to the U.S. Marshal for service on Defendant Hampton.

The clerk is directed to mail to plaintiff the USM-285 form. Plaintiff has thirty days to furnish to the U.S. Marshal the required USM-285 form with relevant information as to defendant Hampton.

Within twenty days after plaintiff receives copy of the completed USM-285 form from the U.S. Marshal, plaintiff must file a notice with the court stating if defendant was served. If the plaintiff wishes to have the U.S. Marshal attempt service again on defendant, then a motion must be filed with the court.

I FURTHER ORDER that the time to effectuate service on defendant Hampton is extended to Thursday, March 2, 2023.

I FURTHER ORDER that plaintiff's motion for appointment of counsel (ECF No. 37) is DENIED without prejudice.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 2nd day of December 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE