UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

James Johnson,

          Plaintiff

v.

Kellen Howard, C.O. Hampton,

          Defendants

Case No. 2:22-cv-00055-CDS-MDC

**Order Granting Defendant's Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment**

[ECF Nos. 54, 61, 74]

      Pro se plaintiff James Johnson brings this action against defendants Nevada Department of Corrections (NDOC) employees, Correctional Officer (C.O.) Kellen Howard, and C.O. "Hampton"[1] for excessive use of force and failure to protect under the Eighth Amendment. Before the court is Howard's motion for summary judgment (ECF No. 54), Johnson's motion for summary judgment[2] (ECF No. 61), and Johnson's motion for status update[3] (ECF No. 74). For the reasons herein, I grant Howard's motion for summary judgment, deny Johnson's motion for summary judgment, and kindly instruct the Clerk of Court to close this case.

---

[1] Johnson failed to identify or serve C.O. Hampton. Failure to identify and property serve a defendant requires dismissal of the claims against that defendant. *See* Fed. R. Civ. P. 4(m); *see Walker v. Sumner*, 14 F.3d 1415, 1421–22 (9th Cir. 1994) (where a pro se plaintiff fails to provide the Marshal with sufficient information to effect service, the court's sua sponte dismissal of those unserved defendants is appropriate under Fed. R. Civ. P. 4(m)). Accordingly, I sua sponte dismiss C.O. Hampton.

[2] The court notes that Johnson's response to Howard's motion for summary judgment (ECF No. 60) and Johnson's motion for summary judgment (ECF No. 61) are duplicate documents. While this is improper, the court will still consider both motions. For clarity, the court will refer to both as ECF No. 61.

[3] Johnson's motion for status update does not necessarily seek an update; the motion instead states that Howard failed to comply with the court's June 14, 2024 Order, directing Howard to file operative versions of AR 740 (Order, ECF No. 71). ECF No. 74. That is an incorrect statement—Howard complied on June 17, 2024. *See* ECF No. 73. The Court kindly orders the Clerk of Court to mail Johnson a copy of Howard's supplemental filing and exhibits, docketed at ECF No. 73. Johnson's motion also states that Johnson complied with the grievance process. ECF No. 74. This Order addresses whether Johnson complied with the grievance process.

# I. Legal standards

## A. Summary judgment

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). At the summary judgment stage, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, the case must then proceed to the trier of fact. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex Corp.*, 477 U.S. at 323. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).

The failure to oppose a motion for summary judgment does not permit the court to enter summary judgment by default, but the lack of a response is not without consequences. *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013). As Federal Rule of Civil Procedure 56(e) explains, "[i]f a party fails . . . to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . ." Fed. R. Civ. P. 56(e)(2) & (3); *Heinemann*, 731 F.3d at 917; *see also* LR 7-2(d).

Further, for motions where the moving party will bear the ultimate burden of proof at trial, such as with plaintiffs' cross-motion for summary judgment here, the plaintiff bears the burden of proof on all essential elements of his claims. *S. California Gas Co. v. Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003).

### B. Exhaustion of administrative remedies under the PLRA and AR 740

"In an effort to address the large number of prisoner complaints filed in federal court, Congress enacted the Prison Litigation Reform Act of 1995 (PLRA)." *Jones v. Bock*, 549 U.S. 199, 202 (2007) (citing 42 U.S.C. § 1997e). "To that end, Congress enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good. Key among these was the requirement that inmates complaining about prison conditions exhaust prison grievance remedies before initiating a lawsuit." *Id.* at 204. The PLRA's exhaustion provision states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other [f]ederal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones*, 549 U.S. at 204.

In Nevada, the remedies available to inmates are promulgated under Nevada Department of Corrections Administrative Regulation 740 (AR 740). AR 740, effective November 20, 2018 to April 14, 2022, Def.'s Ex. R, ECF No. 73-2.[4] AR 740's purpose is to set forth the requirements and procedures of the administrative process that NDOC offenders must utilize to resolve addressable grievances and claims including any tort or civil rights claim relating to conditions of confinement. *Id.* at 2. An offender whose grievance is denied in its entirety may appeal the grievance to the next level. *Id.* at 6. The grievance structure is essentially a multi-level dispute

---

[4] Because Johnson's grievances cross over the effective periods of two different versions of AR 740, there are two applicable versions of AR 740. AR 740, effective November 20, 2018 to April 14, 2022, Def.'s Ex. R, ECF No. 73-2; AR 740, effective April 15, 2022 to April 27, 2022, Def.'s Ex. S, ECF No. 73-3. I cite to the version in effect during most of the grievance period, ECF No. 73-2, throughout this order, but note that the relevant portions are substantially similar.

resolution mechanism, under which an offender must satisfy each level's substantive and procedural requirements before filing a higher-level grievance. *Id.* at 10–15. It requires offenders to first pursue resolution via alternative means, such as discussion with staff or submitting an inmate request form. *Id.* Once an inmate has exhausted alternative means, he may file an informal grievance. *Id.* at 10. If that fails to provide the requested relief, the offender may file a first-level grievance, and if that fails, a second-level grievance. *Id.* If the grievance is granted or resolved at any level, the grievance is considered complete; the offender's administrative remedies are exhausted, and the offender cannot appeal the decision to a higher level. *Id.* at 6.

## II. Background

On June 11, 2021, while Johnson was incarcerated at Southern Desert Correctional Center (SDCC), a fight broke out in Unit 1-B. Offender Movement History Report, Def.'s Ex. A, ECF No. 54-2 at 3 (Johnson was housed at SDCC); Investigation Detail Report IR-2120-SDCC-002011, Def.'s Ex. B, ECF No. 56-2 at 3 (reporting fight). After correctional staff stopped the fight, unit officers were instructed to lock down all wings and conduct "body checks" once all inmates were secured inside their cells. *See* Investigation Detail Report IR-2120-SDCC-002011, Def.'s Ex. B, ECF No. 56-2. C.O. Howard assisted in the lock down. *Id.* As the officers were securing Unit 1, A-wing, Johnson pushed Howard and yelled that he was going to kill Howard. *See generally id.*

Once A-wing was secured, the officers returned to Johnson's cell to escort him to operations. *Id.* Howard never entered Johnson's cell. *Id.* (No officer indicated that Howard entered Johnson's cell); *see also* Howard Decl., Def.'s Ex. E, ECF No. 54-6 at ¶¶ 19–21, 23, 28. Howard did, however, assist in transporting both Johnson and his cellmate to operations. Investigation Detail Report IR-2120-SDCC-002011, Def.'s Ex. B, ECF No. 56-2; Howard Decl., Def.'s Ex. E, ECF No. 54-6 at ¶¶ 18, 22–25. No force was needed for the other officers to place Johnson in restraints; Johnson complied when instructed to lay down on the ground to allow

officers to restrain his wrist. Investigation Detail Report IR-2120-SDCC-002011, Def.'s Ex. B, ECF No. 56-2 at 8. However, force was used in restraining Johnson's cellmate. *Id.*

Once at operations, Johnson was evaluated by medical staff. Medical Report, Def.'s Ex. F, ECF No. 56-5. Johnson complained of having a sore back and that his "face hurt[][.]" *Id.* Medical staff noted that Johnson had a slight swelling to his right cheek with no cuts and had no visible injury or redness on his back, or other visible injuries. *Id.* Medical staff gave Johnson an ice pack and advised him to report any change of condition. *Id.*

On June 13, 2021, Johnson filed grievance 2006-31-23792, alleging Howard and Hampton assaulted him on June 11. Grievance Log No. 2006-31-23792, Def's. Ex. H, ECF No. 54-9. In that grievance, Johnson alleges that Howard and Hampton entered his cell, slammed him on the ground, handcuffed him, and escorted him and his cellmate to operations. *Id.* at 4. Johnson also alleges that when they reached operations, Howard and Hampton beat up Johnson and his cellmate, giving Johnson a black eye. *Id.* Jonhson alleges that the medic witnessed his black eye and gave him an ice pack. *Id.* Johnson also states that he asked Howard and Hampton "to get the camera but they refused to do so." *Id.* That grievance was rejected on June 16 for failure to attach required documentation, and Johnson was instructed to correct and resubmit the grievance within five days. *Id.* at 2.

On August 20, 2021, Johnson filed a grievance 2006-31-27914, again alleging Howard and Hampton removed Johnson and his cellmate from their cell and beat them at operations on June 11. Grievance Log No. 2006-31-27914, Def's. Ex. I, ECF No. 54-10. In that grievance, Johnson also states that he believed the described altercation violated AR 707, and that other inmates had informed him that Howard and Hampton were "pass[ing] around" information that he was in protected custody, which put him at risk. *Id.* at 5. Informal grievance 2006-31-27914 was rejected on September 8 because it "grieve[d] the same issue in a previously filed grievance". *Id.* at 2. The rejection also notes "[d]o not resubmit." *Id.*

On October 18, 2021, Johnson filed grievance 2006-31-29409 about being assaulted by Howard and Hampton on June 11. Grievance Log No. 2006-31-29409, Def's. Ex. K, ECF No. 54-12 at 12. The same day, that grievance was partially granted. *Id.* at 13. Johnson appealed the partial rejection to the first level. *Id.* at 9. On February 22, 2022, Warden William Hutchings[5] denied Johnson's grievance. *Id.* at 2.

On April 13, 2022, Johnson signed that he received Warden Hutchings' response denying his grievance. Grievance Log No. 2006-31-29409, Def's. Ex. K, ECF No. 54-12 at 8. Under the version of AR 740 in effect on April 13, 2022, Johnson had five calendar days from April 13 to file an appeal to proceed to the next grievance level. AR 740, effective November 20, 2018 to April 14, 2022, Def.'s Ex. R, ECF No. 73-2 at 14.[6] Accordingly, Johnson had until April 18 to file an appeal—but Johnson filed an appeal on April 26—making his second level appeal untimely. Grievance Log No. 2006-31-29409, Def's. Ex. K, ECF No. 54-12 at 7. Consequently, it was denied. *Id.*

On January 11, 2022, Johnson filed the instant action. *See* ECF No. 1. Johnson claims Howard violated the Eighth Amendment by failing to protect Johnson "from the harm that can come from spreading" the story that he was in protective custody. Compl., ECF No. 15 at 4–5. Johnson also claims that Howard violated the Eighth Amendment by using excessive force when Howard "aggressively pull[ed] him off the toilet stool (while he was defecating) and violently thr[ew] [him] to the concrete floor" which Johnson argues "constitutes cruel and unusual punishment even though he did not suffer serious injury[.]" *Id.* at 6.

---

[5] Warden Hutchings is the warden of Ely State Prison (ESP); Johnson was transferred from SDCC to ESP on August 25, 2021. Offender Movement History Report, Def.'s Ex. A, ECF No. 54-2 at 2 (noting transfer); Grievance Log No. 2006-31-29409, Def's. Ex. K, ECF No. 54-12 at 9 (indicating Johnson was transferred).

[6] Inmate transfers may impact a grievance timeframe. Grievance Log No. 2006-31-29409, Def's. Ex. K, ECF No. 54-12 at 9. I find that this provision is inapplicable here because Howard received the notice of the denial on April 13, 2022, which was well after his transfer to ESP in August 2021. Thus, Johnson's transfer had no bearing on Johnson's ability to timely file an appeal.

### III. Discussion

Howard seeks summary judgment on both of Johnson's Eighth Amendment deliberate indifference claims because Johnson did not exhaust his administrative remedies as required by the PLRA. ECF No. 54. The majority of Johnson's response and motion for summary judgment summarily argues that there are several disputes of material fact related to the facts of the alleged June 11 altercation. *See generally* ECF No. 61. Johnson only briefly discusses exhaustion. Without citing to evidence, he argues that there is a genuine issue of material fact as to whether Howard and the administrative staff "hindered and slowed. . .the grievance process by delaying and frustrating the Plaintiff with unwarranted responses." *Id.* at 3. A bald assertion without factual support is insufficient to withstand a motion for summary judgment and is insufficient to create a genuine issue of material fact for trial. *See Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008) ("Conclusory statements without factual support are insufficient to defeat a motion for summary judgment."); *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007) (bald assertions that genuine issues of material fact exist are insufficient to establish a genuine dispute of material fact); *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982) ("a party cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda"). Johnson also argues that "there is a genuine issue of material facts that the Plaintiff has done everything to exhaust the grievance process as opposed by the defendants." ECF No. 61 at 3. Johnson cites to exhibit B, which contains his grievance records (provided by Howard's motion for summary judgment) and a version of AR 405[7] effective November 16, 2015. Pl.'s Ex. B, ECF No. 61 at 8–34. However, Johnson does not explain how the contents of exhibit B create a genuine issue of material fact. And as discussed *infra*, Johnson's grievance records demonstrate that he failed to exhaust his administrative remedies. Johnson cannot create a dispute of material fact absent any evidence creating a dispute. *See F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997), *as*

---

[7] This the AR governing NDOC's use of force policy.

*amended* (Apr. 11, 1997) (noting that "conclusory, self-serving affidavits" and "statements in [] briefs" lacking "detailed facts and any supporting evidence, [are] insufficient to create a genuine issue of material fact.").

Johnson filed three grievances about being assaulted by Howard on June 11. Log No. 2006-31-23792, Def's. Ex. H, ECF No. 54-9; Grievance Log No. 2006-31-27914, Def's. Ex. I, ECF No. 54-10; Grievance Log No. 2006-31-29409, Def's. Ex. K, ECF No. 54-12. The first, grievance 2006-31-23792, was rejected. Log No. 2006-31-23792, Def's. Ex. H, ECF No. 54-9 at 2. Johnson took no further action regarding that grievance. Finding no dispute that Johnson failed to file a second-level grievance, I conclude that Johnson did not exhaust his administrative remedies for the first grievance.

The second grievance, grievance 2006-31-27914, concerned the June 11 assault and is the only grievance to allege that Howard told other inmates that Johnson was in protective custody. Grievance Log No. 2006-31-27914, Def's. Ex. I, ECF No. 54-10. That grievance was rejected, and Johnson took no further action after the rejection. *Id.* at 2. Thus, I find there is no genuine dispute that Johnson failed to exhaust his administrative remedies for the second grievance.

The third grievance, grievance 2006-31-29409, was appealed to the first level, but Johnson's second level appeal was denied as untimely. *See* Grievance Log No. 2006-31-29409, Def's. Ex. K, ECF No. 54-12 at 7, 12. An untimely appeal does not satisfy the exhaustion requirement. *Woodford v. Ngo*, 548 U.S. 81 (2006). Accordingly, I find that Johnson failed to exhaust his administrative remedies for the third grievance.

There is no genuine dispute that Johnson's grievances were not properly exhausted before Johnson filed this action. Summary judgment is thus proper in Howard's favor on both Eighth Amendment claims. When, like here, a plaintiff files a cross-motion for summary judgment, they bear the burden of proof on all essential elements of his claims. *Southern Cal. Gas Co.*, 336 F.3d at 888. Johnson has failed to meet this burden, so his motion for summary judgment is denied.

IV. Conclusion

IT IS THEREFORE ORDERD that C.O. Hampton is sua sponte dismissed from this action.

IT IS FURTHER ORDERED that Howard's motion for summary judgment [ECF No. 54] is GRANTED.

IT IS FURTHER ORDERED that Johnson's motion for summary judgment [ECF No. 61] is DENIED.

IT IS FURTHER ORDERED that Johnson's motion for status update (ECF No. 74) is DENIED as moot. The Clerk of Court shall mail Johnson a copy of Howard's notice of supplemental filing (ECF No. 73).

The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated: July 8, 2024

_____
Cristina D. Silva
United States District Judge